# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Terrence L. Howard**<br>     Debtor<br><br>**Nationstar Mortgage LLC**<br>     Movant<br><br>v.<br><br>**Terrence L. Howard**<br>     Debtor/Respondent<br><br>**SCOTT F. WATERMAN, Esquire**<br>     Trustee/Respondent | **Bankruptcy No. 23-13369-amc**<br><br>**Chapter 13** |

## STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY

Movant, Nationstar Mortgage LLC, and Terrence L. Howard, "Debtor(s)" by and through their respective attorneys, hereby stipulate as follows:

### I.    BACKGROUND:

1. On November 30, 2020, Terrence Howard, executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $132,554.00.

2. The Mortgage was recorded on December 16, 2020, with the Philadelphia County Recorder of Deeds.

3. The Mortgage was secured as a lien against the property located in Philadelphia County commonly known as 7127 Guyer Ave, Philadelphia, Pennsylvania 19153-2405 (the "Property").

4. The Note and Mortgage were lastly assigned to Nationstar Mortgage LLC.

5. Debtor(s) has defaulted under the terms of the Note and Mortgage by failing to make the monthly post-petition payments of principal, interest and escrow. As of June 20, 2024, the post-petition

arrearage owed to Movant is $1,723.57 and consists of two (2) monthly mortgage payments at $974.28 (P&I; 567.83 Escrow; 406.45) and $984.89 (P&I; 567.83 Escrow; $417.06), less a suspense balance of $235.60.

6. Thus, Debtor(s)'s post-petition arrearage currently totals the sum of $1,723.57.

7. Debtor(s) further acknowledges that additional payments of principal, interest and escrow currently in the amount of $984.89 (P&I; 567.83 Escrow; $417.06), per month shall become due under the Note and Mortgage on the First of each successive month, beginning July 1, 2024 until the Note is paid in full. Debtor(s) acknowledges that the monthly payment is subject to change and is responsible for same.

8. Nationstar Mortgage LLC, and Debtor(s) desire to resolve Debtor(s)'s post-petition arrearage in accordance with the set forth terms below:

II. **STIPULATION FOR RELIEF FROM STAY**

9. Debtor(s) confirms and acknowledges his obligations to Nationstar Mortgage LLC, under the Note and Mortgage.

10. Debtor(s) further confirms and acknowledges his failure to make the post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth above in paragraphs 5 and 6.

11. Debtor(s) further confirms and acknowledges his obligations to make the regular post-petition payments of principal and interest going forward from July 1, 2024 as set forth above in paragraph

12. Debor further agrees to file an Amended Plan within 30 days of the entry of an Order Approving this Stipulation which will include treatment for the post-petition arrears owed to Nationstar Mortgage LLC. The Plan shall state that the post-petition arrears through June 1, 2024 shall be paid over the remaining life of the plan through payments by the Chapter 13 Trustee. If necessary,

   Nationstar Mortgage LLC shall file a supplemental claim or amended proof of claim reflecting the post petition arrears through June 1, 2024.

13. In the event that Debtor(s) converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor(s) fail to cure the arrearage, Nationstar Mortgage LLC, will send Debtor(s)'s counsel a written notification of default of this Stipulation. If the default is not cured within fifteen (15) days of the notice, Nationstar Mortgage LLC, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor(s) should default on his obligations under this Stipulation by failing to comply with the provisions as set forth above in paragraph 11 and/or tender in full any of the payments described in paragraph 12, on or before the dates on which they are due, then Nationstar Mortgage LLC, its successors and/or assigns shall serve Debtor(s)' Attorney by fax, e-mail and/or regular mail, with written notification of default. In the event that Debtor(s) fails to cure the default within fifteen (15) days of the date of the written notification, then, Nationstar Mortgage LLC, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon Nationstar Mortgage LLC, or its assignee or successors may exercise its rights against the Mortgaged Property under the terms of this Stipulation without further notice to Debtor(s) or the Order of this Court. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

15. If the Bankruptcy case is dismissed or discharged the Agreed Order becomes null and void.

16. Additionally, Debtor(s) agrees that he is not permitted more than two (2) defaults from the date of this Stipulation. Debtor(s) agrees that if he defaults under the terms of this Stipulation more than

two (2) times, then, without any further notice, Nationstar Mortgage LLC, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon Nationstar Mortgage LLC, its successors and/or assigns may exercise its rights against the Mortgaged Property under the terms of this Stipulation.

17. Neither Nationstar Mortgage LLC's consent to this Stipulation nor Nationstar Mortgage LLC's acceptance of any payments tendered by Debtor(s) shall be construed as a waiver of Nationstar Mortgage LLC's right to proceed with or commence a foreclosure other legal action against Debtor(s) under this Stipulation; however, Nationstar Mortgage LLC, agrees to credit Debtor(s)' account for any payments made by Debtor(s) in accordance with this Stipulation, the Note and/or Mortgage.

18. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

19. Debtor(s) hereby certifies and confirms that he has reviewed the terms of the Stipulation with his Counsel that Debtor(s) understands and is in agreement with the terms of this Stipulation, and that counsel has been authorized by Debtor(s) to sign this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Michelle L. McGowan          Date:  8/20/2024
Michelle L McGowan, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA I.D 62414
13010 Morris Rd, Suite 450
Alpharetta, GA 30004

Telephone: 470-321-7113
Email: mimcgowan@raslg.com
Attorney for Movant

/s/ _Michael A. Cibik_____ *with express permission*
Michael A. Cibik
Cibik Law, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
Telephone: 215-735-1060
Email: help@cibiklaw.com

NO OPPOSITION:

/s/  Ann Swartz_____ *with express permission*
Scott F. Waterman
Chapter 13 Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
Telephone: 610-779-1313